UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17- 22008-CIV-WILLIAMS

GISELA PONS,

    Plaintiff,

vs.

ARUBAANSE LUCHTVAART
MAATSCHAPPIJ., dba Aruba
Airlines,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on a motion to dismiss filed by Defendant Arubaanse Luchtvaart Maatschappij N.V. ("Aruba Air"). (DE 15). Plaintiff Gisela Pons, filed a response in opposition (DE 18) and Aruba Air filed a reply (DE 22). For the reasons set forth below, the motion (DE 15) is **GRANTED**.

**I.  BACKGROUND**

Plaintiff filed this action, on behalf of herself and others similarly situated, asserting a claim of breach of contract against Aruba Air. The Complaint alleges that Plaintiff bought Aruba Air tickets to fly from Miami to Venezuela on May 25, 2013 and September 19, 2014. (DE 1 ¶25). Plaintiff bought her tickets directly with the airline. (DE 1 ¶24). On both occasions, right before boarding the plane, Plaintiff was required to pay an $80 dollar exit fee ("Exit Fee") even though Plaintiff had already paid for the tickets and all associated fees in full. (DE 1 ¶25-26). The Exit Fee was not contained in the Aruba Airlines Condition of Carriage ("Contract of Carriage") and was not disclosed to Plaintiff prior to the day of departure. (DE 1 ¶27). Plaintiff alleges that the Exit Fee is part of a

broader program by which all passengers departing from Miami are required to pay "additional, extra-contractual Exit Fees ... before being allowed to board their flights." (DE 1 ¶17). On these facts, Plaintiff advances one cause of action for breach of contract.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations presented. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Nevertheless, while a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). The "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

## III. DISCUSSION

Aruba Air moves to dismiss on several grounds. First, it contends that Plaintiff has failed to allege enough facts to support subject-matter jurisdiction under the Class Action

Fairness Act ("CAFA"). Second, it contends that Plaintiff's claim is time barred by the two-year statute of limitations contained in the Contract of Carriage. Third, Aruba Air argues that Plaintiff has no standing to represent the putative class. Fourth, Aruba Air argues that Plaintiff's breach of contract claim is preempted by the Airline Deregulation Act ("ADA"). Finally, Aruba Air argues that Plaintiff fails to state a claim because, under the plain terms of the contract, Air Aruba gave notice that departure taxes were not included in the airfare. Since the Court finds that Plaintiff's breach of contract claim is time-barred, the Court declines to address Aruba Air's remaining arguments. *See Kaviany v. Bank of Am., N.A.*, No. 13-CV-81073, 2015 WL 12781033, at *2 (S.D. Fla. Jan. 29, 2015).

Air Aruba argues that Plaintiff's breach of contract claim is barred by the incorporated terms in the Contract of Carriage, which state in Article 15.2 that

> [a]ny right to damages shall be extinguished if an action is not brought within two years of the date of arrival at destination, or the date on which the aircraft was scheduled to arrive, or the date on which the carriage stopped. The method of calculating the period of limitation shall be determined by the law of the court where the case is heard.

Plaintiff responds that her claim is timely because (1) the time limitation in the Contract of Carriage requires application of Florida law, and (2) "Florida law does not allow Defendant to contractually shorten the five-year time period ... under §95.03, *Fla. Stat.*" (DE 18 at 13). Plaintiff argues that the time limitation on the Contract of Carriage requires application of Florida law, because the second sentence of Article 15.2 states that "[t]he method of calculating the period of limitations shall be determined by the law of the court where the case is heard." Plaintiff reads that sentence to mean that the applicable statute of limitations should be five years under Florida law. Defendant argues

3

that the second sentence of Article 15.2 simply states that Florida law would apply "in calculating" the limitations period, and thus would trigger Fla. Stat. § 95.031 which relates to "Computation of Time" with respect to statutes of limitations. (DE 22 at 5). The Court agrees with Defendant. The Contract of Carriage clearly sets forth a two-year statute of limitations, and that time limitation is not displaced because Florida law determines how that time-period is to be calculated.

Plaintiff's second argument is also unpersuasive. Under C.F.R. § 253.5, air carriers are allowed to include limits on liability in their incorporated terms. This limiting term governs, notwithstanding any longer statutory period granted under state law. *See Miller v. Delta Air Lines, Inc.*, 2012 U.S. Dist. LEXIS 48294, 8-10 (S.D. Fla. 2012) (dismissing action as time-barred under the one-year limitation period set forth in airline's contract of carriage, notwithstanding Florida's five year statute of limitations for breach of contract); *see also Banga v. Gundumolgula*, 2013 U.S. Dist. LEXIS 130766 (E.D. Cal. 2013) (finding contract of carriage statute of limitations governed despite longer time period established under California law). "The case law is clear that Section 95.03 of the Florida Statutes does *not* apply to extend statutes of limitation set forth in federally regulated contracts or transactions." *Miller*, at *6. Indeed, in a case very similar to this, a Florida appellate court held that Florida law did not invalidate the limitations period established in an air freight contract subject to the Federal Aviation Act of 1958. *Life Sciences, Inc., v. Emery Air Freight Corp.*, 341 So. 2d 272, (Fla. 2d DCA 1977). The court explained that the regulation of shipment of goods in interstate commerce was preempted by federal law, therefore, the contract of carriage "conclusively and exclusively governed the rights and liabilities of the parties with respect to the shipment." *Id.* at 273.

Here, too, the Contract of Carriage is a federally regulated contract that governs the rights of the parties. And federal law specifically allows air carriers to include limitations of liability on their contracts of carriage. See C.F.R. § 253.5. Indeed, as stated by the Supreme Court in *American Airlines Inc. v. Wollens*, 513 U.S. 219, 230 (1995):

> The FAA's text, we note, presupposes the vitality of contracts governing transportation by air carriers. Section 411(b), 49 U.S.C.App. § 1381(b), thus authorizes airlines to incorporate by reference in any ticket or other written instrument any of the terms of the contract of carriage to the extent authorized by the DOT. And the DOT's regulations contemplate that, upon the January 1, 1983, termination of domestic tariffs, "ticket contracts" ordinarily would be enforceable under the contract law of the States. Correspondingly, the DOT requires carriers to give passengers written notice of the time period within which they may bring an action against the carrier for its acts.

(internal citations omitted). Thus, the contractual statute of limitations survives, even if the breach of contract claim is not preempted by the ADA.[1] *Id.* at 233 ("This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement.") Under the Contract of Carriage, Plaintiff had two years from the date of arrival to her destination to bring her breach of contract claim. Plaintiff's date of arrival to her destination on her latest scheduled flight was September 19, 2014. (DE 1 ¶25). Yet, Plaintiff failed to bring her claim until May 30, 2017. For this reason, Plaintiff's claim is time-barred.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motion (DE 15) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Plaintiff's "Motion for Court to

---

[1] The Court does not reach the question of whether this breach of contract claim is, in fact, preempted by the ADA or not.

5

Consider Order Denying Motion to Dismiss in Related Action" (DE 24) is **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 28 day of March, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE